IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT D. WALKER,

                        Plaintiff,

    v.                                                                  OPINION & ORDER

DAVID GARDNER, CHRISTA MORRISON,                        16-cv-297-jdp
and JOHN BERT,

                        Defendants.

---

      Plaintiff Lamont Walker, a state prisoner incarcerated at the Wisconsin Secure Program Facility, brings this lawsuit alleging that prison officials violated his rights by refusing to transfer him to a lower security prison to obtain programming and refusing to give him a job. Walker has made an initial partial payment of the filing fee for this lawsuit, as previously directed by the court.

      The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Walker is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

      After reviewing the complaint with these principles in mind, I conclude that Walker's allegations that defendants refused to transfer him do not state a claim for relief. His allegations regarding a prison job violate Federal Rule of Civil Procedure 8, so I will give him a chance to file an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

Plaintiff Lamont Walker is a prisoner in the custody of the Wisconsin Department of Corrections. In 2010, he was transferred to the Wisconsin Secure Program Facility (WSPF) for disciplinary purposes. He was housed in administrative confinement and placed in the "High Risk Offender Program." Defendants Christa Morrison (a classification specialist) and David Gardner (a captain) told him that if he completed the High Risk Offender Program and had six months of "acceptable conduct," he would be transferred to a less secure prison so that he could take court-ordered substance abuse programming and educational programming. He was eventually placed in general population at WSPF.

But even after Walker met these conditions and was "approved" for transfer to a medium-security facility, he was denied a transfer. Walker states that Gardner and Morrison exercise at least some control over transfer decisions. Walker appealed the decision to defendant John Bert, an "administrator/director designee," who denied the appeal.

Walker has not been allowed to have a prison job even though he is in general population. He states that as a result, he is "unable to purchase 'basic necessities.'" He states that defendant Gardner has at least some control over prison jobs.

ANALYSIS

A.  Programming

Walker contends that defendants' failure to transfer him to a lower security prison where he can receive drug treatment and education programming violates his rights under the Eighth Amendment and Title IX of the Education Amendments Act of 1972. These are not the correct legal theories for the types of facts alleged by Walker. The Eighth Amendment

2

prohibits cruel and unusual punishment, which is usually supported by a showing that prison staff is depriving a prisoner of "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Nothing in Walker's allegations suggest that the lack of programming has subjected him to the type of extreme deprivation necessary to meet this standard. *Farmer*, 511 U.S. at 832 (prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates) (internal quotations omitted). Nor can Walker bring a claim under Title IX, which prohibits sex discrimination in education. Nothing Walker alleges suggests that the decisions to deny him opportunities at programming are in any way related to his sex.

But I will not hold Walker to the legal theories he articulates in his complaint, because pro se plaintiffs are generally not required to plead particular legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("particularly since [plaintiff] filed his complaint pro se, he should not be held to the . . . incorrect theor[ies] he did name."). In certain circumstances, a state inmate like Walker may be entitled to protection under the due process clause of the Fourteenth Amendment, but only if the alleged state action infringed upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). Walker's allegations fit a due process theory much better than his stated Eighth Amendment and Title IX theories, so I will consider whether he states a due process claim.

Unfortunately for Walker, I conclude that his allegations do not support a claim even under a due process theory.[1] As other courts have concluded, he has no liberty interest in

---

[1] I do not take Walker to be alleging that his placement at WSPF, as opposed to a medium-

rehabilitative or educational programs offered while in prison. *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). This is true even where the successful completion of programming upon transfer could result in early release from custody, because it is not inevitable that the prisoner will actually complete the program and thus be entitled to earlier release. *See Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1997); *Long v. Wondra*, No. 12-cv-647-wmc, 2013 WL 12098999, *5 (W.D. Wis. Sept. 16, 2013), aff'd, 553 F. App'x 637 (7th Cir. 2014).

**B. Prison job**

Walker contends that defendant Gardner has violated his right to "Equal Opportunity of Employment" under the Fourteenth Amendment. It is unclear exactly what Walker means by this: he does not explain how he has been discriminated against, and prisoners generally have no right to a job. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (neither Illinois law nor due process clause affords prisoners liberty or property interest in their jobs); *Hohol v. Lundquist*, No. 08-C-0832, 2010 WL 1961181, *3 (E.D. Wis. May 14, 2010) (same regarding Wisconsin prisoner); *Borzych v. Litscher*, No. 02-cv-0128-bbc, 2002 WL 32350066, *2 (W.D. Wis. Mar. 14, 2002) (same regarding Wisconsin prisoner). In addition, Walker states that because he has no job, he is "unable to purchase 'basic necessities,'" but he does not explain what he means by this, and in any event, the state is required to provide Walker with "basic necessities" for sustenance and hygiene regardless of his ability to pay for it.

---

security prison, violates a liberty interest. Prolonged, harsh segregation might implicate a liberty interest, *see Marion v. Columbia Correctional Institution*, 559 F.3d 693, 697-699 (7th Cir. 2009). Walker is proceeding on that type of claim in case no. 14-cv-752-jdp, and the allegations in this complaint center on his ability to obtain programming and a job while in general population at WSPF.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

I will dismiss this portion of Walker's complaint because his allegations do not comply with these rules. I will give him a short time to file an amended complaint that explains the basis for his claims about his job and the provision of necessities. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, Walker should explain (1) why he believes that defendant Gardner is discriminating against him; (2) what necessities he is being deprived of; and (3) who is responsible for providing him those items. If Walker does not submit an amended complaint by the deadline set forth below, I will dismiss the case for his failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Lamont Walker is DENIED leave to proceed on claims regarding defendants' failure to transfer him to a medium-security facility so that he can receive programming.

2. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8, with regard to his allegations that defendant Gardner will not let him have a prison job and that he is being deprived of basic necessities.

3. Plaintiff may have until November 25, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits

a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

Entered November 4, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge